# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY SUE BEINING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-305 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

The parties' Motions for Summary Judgment will be denied, without prejudice to renewal after Plaintiff files a brief compliant with the page limitation established in this case.

On July 2, 2013, Plaintiff's counsel filed a Motion (Doc. 6) to exceed the 25-page briefing limit established by the Court. The same day, the Court entered an Order "granting in part and denying in part" Plaintiff's Motion, allowing Plaintiff to file a 30-page brief. *See* text Order dated Jul. 2, 2013. In direct contravention of this Order, Plaintiff filed a fifty-nine (59) page brief, nearly double the already-extended page limit set by the Court. *See* Doc. 9.

Page limitations "exist for good reason, to protect litigants and judicial resources alike, and [they] are neither aspirational nor advisory." Morgan v. Bill Vann Co., Inc., 2011 WL 6056083, *1 (S.D. Ala. Dec. 6, 2011) (emphasis added); *accord* Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1477-78 (Fed. Cir. 1998) (strict adherence to page limits is essential to "proper[] marshal[ing]" of judicial resources). Although the Court could, as some others have done, "tear off" pages 31 through 59 of Plaintiff's brief and disregard their contents, this could

result in undue prejudice to the client through an exclusion of otherwise salient arguments that may appear in those pages.

In light of the foregoing, the pending Motions for Summary Judgment (**Docs. 7 & 9**) are **DENIED WITHOUT PREJUDICE** to refiling.  By <u>**April 10, 2014**</u>, Plaintiff shall refile her motion, along with a brief <u>**not exceeding 30 pages in length**</u>.  By <u>**April 21, 2014**</u>, Defendant shall refile its Motion, and it may either resubmit its current brief or file a new one.  In light of Plaintiff's violation of the Court's prior Order, along with the unnecessary delay resulting therefrom, the Court will not entertain a reply brief.

IT IS SO ORDERED.


March 31, 2014                                s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All counsel of record